UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PORTER, INC. d/b/a THUNDERBIRD PRODUCTS, | ) ) ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) SECTION |
| vs. | ) ) MAGISTRATE |
| LOUISIANA YACHTING & BOATING CENTER, LLC | ) ) JUDGE ) |
| Defendant. | ) |

**COMPLAINT TO COMPEL ARBITRATION**

Pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, Porter, Inc. d/b/a Thunderbird Products files this Complaint for an Order compelling arbitration and shows as follows:

**Jurisdiction and Venue**

1.      Plaintiff, Porter, Inc. d/b/a Thunderbird Products ("Porter"), is an Indiana corporation with its principal place of business in Decatur, Indiana.

2.      Defendant, Louisiana Yachting & Boating Center, LLC ("LYB"), is a Louisiana company with its principal place of business in Mandeville, Louisiana.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

4. This Court has original subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*

5. Venue is proper in this Court under 28 U.S.C. § 1391(a).

**Background**

6. On or about September 29, 2006, LYB entered into a Dealer Sales and Service Agreement ("Dealer Agreement" or "Agreement") with Porter. Pursuant to the Dealer Agreement, Porter appointed LYB "its exclusive dealer to promote, sell and service Formula boats and accessories, parts and related equipment, as [Porter] may market from time to time within the geographic area outlined or described in [the Dealer Agreement]." (A true and correct copy of the Dealer Agreement is attached as Exhibit 1).

7. The parties extended the Dealer Agreement through June 30, 2008, by executing a new Exhibit A, which sets forth LYB's dealer territory and funding obligations (Exhibit 1, paragraph 13 and Exhibit A). Thereafter, Porter continued to authorize LYB to operate as a dealer, and all terms and conditions of the Agreement were continued in force pursuant to paragraph 13(a) of the Agreement:

> In the event [LYB] and [Porter] fail to execute Exhibit A for any renewal year, [Porter] may continue to authorize [LYB] to operate as a dealer under the terms and conditions set forth herein; provided, however, that in such event [Porter] may terminate this Agreement at any time upon thirty (30) days written notice to [LYB].

8. The Dealer Agreement also contains an arbitration clause and a choice-of-law clause. These respective clauses in paragraph 16 of the Dealer Agreement provide as follows:

> **[Arbitration Clause:]** Any dispute arising out of or relating to this Agreement shall be . . . settled by binding arbitration in accordance with the then current CPR Institute for Dispute Resolution Non-Administered Arbitration Rules by a sole arbitrator.
>
> **[Choice-of-Law Clause:]** The law of the State of Indiana shall govern as to the merits of any dispute.

9. Porter met its contractual obligations under the Dealer Agreement. LYB did not comply with all of its contractual obligations under the Dealer Agreement.

10. On April 23, 2009, LYB sent Porter a letter purporting to terminate the Dealer Agreement, which termination was in breach of the Agreement. (Exhibit 1, ¶ 13)  (A true and correct copy of LYB's first termination letter is attached as Exhibit 2)

11. In conjunction with its wrongful termination of the Dealer Agreement, LYB demanded that Porter repurchase LYB's 2009 and 2008 inventory pursuant to Louisiana Revised Statute Section 32:1268.1[1] ("Louisiana Repurchase Statute"). (See Exhibit 2)

12. Pursuant to Louisiana Revised Statute Section 32:1253(A)(3)(b), on May 12, 2009, Porter appealed the repurchase demand to the Louisiana Recreational and Used Motor Vehicle Commission  (the predecessor entity to Louisiana Motor Vehicle Commission; the Louisiana Motor Vehicle Commission and its predecessor entity are collectively referred to as the  "Commission").  (A true and correct copy of Porter's letter to the Commission is attached as Exhibit 3)

13. On June 23, 2009, LYB sent Porter a second repurchase demand letter; once again asserting that Louisiana's Repurchase Statute obligated Porter to repurchase LYB's 2009 and 2008 inventory. (A true and correct copy of LYB's second repurchase demand letter is attached as Exhibit 4)

---

[1] In July 2009, Louisiana Revised Statute Section 32:818 was re-codified as 32:1268.1.

14. On July 10, 2009, Porter filed an amended appeal with the Commission. (A true and correct copy of Porter's second letter to the Commission is attached as Exhibit 5)

15. On July 16, 2009, LYB filed a consumer complaint with the Commission (the "Complaint") seeking an order that would require Porter to repurchase LYB's 2009 and 2008 inventory pursuant to Louisiana's Repurchase Statute. (A true and correct copy of LYB's Complaint is attached as Exhibit 6)

16. On April 21, 2010, Porter demanded that LYB submit to arbitration any claims arising out of and relating to the Dealer Agreement, including the following:

> (A) All claims, disputes and controversies set forth, expressly or by implication, or otherwise placed at issue by conduct of Louisiana Yachting and Boating Center, LLC ("LYB) in breach of the Dealer Agreement including, but not limited to, its failure to comply with paragraph 3 of the Agreement, failure to make payment required by the Agreement, and by its wrongful termination of the Dealer Agreement;
>
> (B) all claims, disputes and controversies set forth, expressly or by implication, or otherwise placed at issue when LYB purported to wrongfully terminate the Dealer Agreement and thereafter contended that Louisiana Revised Code Section 32:1268.1 ("Repurchase Statute") obligated Porter to buy-back LYB's 2009 and 2008 inventory; and
>
> (C) all claims, disputes and controversies set forth, expressly or by implication, or otherwise placed at issue when LYB purported to wrongfully terminate the Dealer Agreement and subsequently filed a Consumer Complaint on July 16, 2009 as Hearing No. 2010-008 with the Louisiana Motor Vehicle Commission, State of Louisiana, styled *Louisiana Yachting and Boating Center, LLC vs. Porter, Inc. DBA Thunderbird Products* (the "Consumer Complaint") to force Porter to repurchase LYB's 2009 and 2008 inventory.

(A true and correct copy of Porter's Notice of Arbitration dated April 21, 2010, is attached as Exhibit 7)

17. On April 28, 2010, LYB filed an "Objection To Request For Hearing Before 'Consumer Panel'" (the "Objection"). Like the Complaint, LYB's Objection seeks an order from

the Commission compelling Porter to repurchase LYB's 2009 and 2008 inventory in accordance with Louisiana's Repurchase Statute.  (A true and correct copy of LYB's Objection is attached as Exhibit 8)

18.	On May 3, 2010, LYB filed its second consumer complaint (the "Second Complaint") requesting the Commission order Porter to cease and desist from pursuing arbitration under the terms of the Dealer Agreement. (A true and correct copy of LYB's Second Complaint is attached as Exhibit 9)

19.	LYB's breach of the Dealer Agreement and its demand that Porter repurchase its 2009 and 2008 inventory are within the scope of the arbitration clause in paragraph 16 of the Agreement in that all such claims present a "dispute arising out of or relating to [the] Agreement."  LYB's breach of the Agreement relates directly to its violation of the Agreement's terms.  In addition, LYB's repurchase demand and its Complaint, Objection, and Second Complaint pertaining to Porter's alleged repurchase obligation arise out of and relate to LYB's wrongful termination of the Agreement.  Thus, the repurchase dispute arises out of and relates to the contractual relationship among the parties.  Moreover, LYB's contention that Louisiana's Repurchase Statute applies is in direct conflict with the Dealer Agreement's choice-of-law provision, which commands that "[t]he law of the State of Indiana shall govern as to the merits of any dispute."

20.	The United States Supreme Court held in 2008 that "when parties agree to arbitrate all questions arising under a contract, state law lodging primary jurisdiction in another forum, whether judicial or administrative, are superseded by the [Federal Arbitration Act]."  *Preston v. Ferrer*, 552 U.S. 346, 349 (2008).  Thus, because Porter and LYB agreed to arbitrate "[a]ny dispute arising out of or relating to this Agreement," any law granting the Commission

jurisdiction is superseded by the Federal Arbitration Act.  Consequently, arbitration is the only appropriate forum.

21. To the extent there is any dispute over the arbitrability of the claims, Supreme Court and Fifth Circuit precedent mandate that those issues also be decided by an arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[T]he arbitrator [and not the court] should decide allegation[s] of waiver, delay, or a like defense to arbitrability."); *Dealer Comp. Serv., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009).

### Count One

Porter hereby incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

22. The Dealer Agreement signed by LYB affects interstate commerce within the meaning of the Federal Arbitration Act, (FAA), 9 U.S.C. § 1, *et seq.*, because the contract involves "commerce among the several States" within the meaning of the statute.

23. Because the contract in question affects "commerce," the arbitration agreement is "valid, irrevocable, and enforceable" within the meaning of 9 U.S.C. § 2.

24. The FAA preempts any state statutory, regulatory, or administrative scheme that purports to restrict arbitrability.

25. Section 4 of the FAA (9 U.S.C. § 4) provides, in substance, that where a party to a written arbitration agreement fails, neglects, or refuses to arbitrate in accordance with the arbitration agreement, then, on petition of a party aggrieved by the failure, neglect or refusal to arbitrate, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall make

an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

26. LYB has failed, neglected, and/or refused to arbitrate the claims asserted in its Complaint, Objection, and Second Complaint as required by paragraph 16 of the Dealer Agreement. Assertion of the claims in LYB's Complaint, Objection, and Second Complaint constitutes a failure to comply with the parties' arbitration agreement for which Porter is entitled to judicial relief under FAA § 4 in the form of an order compelling LYB to proceed to arbitration in accordance with the terms of paragraph 16 of the Dealer Agreement.

## Count Two

Porter hereby incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint as it fully set forth herein.

27. As a means of giving effect to an order compelling arbitration, this Court is empowered to enter an order enjoining LYB from engaging in action inconsistent with the Court's order, including pursuing administrative remedies initiated before the Commission or before any other entity purporting to have authority over disputes arising out of or relating to the Dealer Agreement. Porter is entitled to such an order because it has no adequate remedy at law for LYB's attempt to circumvent the valid and binding arbitration clause in the Dealer Agreement.

**WHEREFORE**, Porter requests that the Court:

(a) order LYB to submit the claims alleged in its Complaint, Objection, and Second Complaint and any other claim or grievance arising out of or relating to the Dealer Agreement to arbitration in accordance with the terms of the arbitration clause entered by LYB;

(b) order LYB to dismiss all proceedings before the Commission without prejudice;

    (c)    enjoin LYB from engaging in conduct inconsistent with an order compelling arbitration, including but not limited to the further pursuit of proceedings before the Commission; and

    (d)    award Porter such other and further relief as may be just and proper.

    BIENVENU, FOSTER, RYAN & O'BANNON, LLC

    BY:   /s/ John W. Waters, Jr.
        JOHN W. WATERS, JR. (La. Bar #13258)
        KRISTIN G. MOSELY JONES (La. Bar #32208)
        1010 Common Street, Suite 2200
        New Orleans, LA 70112
        Phone: (504) 310-1500
        Fax: (504) 310-1501
        Jwaters@bfrob.com
        Kmosely@bfrob.com
        *Attorneys for Porter, Inc.*

Of Counsel:

David J. Kuker (IN Atty. # 18966-02)
BAKER & DANIELS LLP
111 E. Wayne Street
Fort Wayne, IN  46802
Phone:  (260) 424-8000
Fax:  (260) 460-1700

Ellen E. Boshkoff (IN Atty. #16365-49)
Matthew A. Bahl (IN Atty. # 28456-49)
BAKER & DANIELS LLP
300 North Meridian Street
Suite 2700
Indianapolis, IN  46204
Phone:  (317) 237-0300
Fax:  (317) 237-1000

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the above and foregoing pleading has been served upon the following counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid on this 6th day of May, 2010:

        Erin Wilder-Doomes
        Phelps Dunbar, LLP
        II City Plaza
        400 Convention Street, Suite 1100
        Baton Rouge, Louisiana 70802-5618

        _/s/  John W. Waters, Jr._____
        John W. Waters, Jr.